# SUPREME JUDICIAL COURT,

FOR THE

WESTERN DISTRICT,

1854.

## COUNTY OF FRANKLIN.

### LYFORD *versus* TOOTHAKER.

Trespass *quare clausum fregit*, cannot be maintained by the owner of land, for an injury done to the grass only, while in the occupation of his tenant at will.

ON REPORT from *Nisi Prius*, SHEPLEY, C. J., presiding.

TRESPASS *quare clausum fregit.*

The Court were authorized to draw such inferences from the testimony admissible as a jury might, and to enter a judgment according to the rights of the parties.

The Court found the premises, at the time of the alleged trespass, to have been in the *possession* of one Ross, who was tenant at will of the plaintiff. They also found that the trespass complained of, was by turning into the premises defendant's cattle and sheep and eating up the grass.

*May* and *H. Belcher*, for defendant.

*Linscott* and *J. S. Abbott*, for plaintiff.

HOWARD, J. — The consumption of grass by the defendant's cattle constituted the trespass proved. There is no evidence that the freehold, or any fixture upon it, was injured. For such trespass this form of action can be maintained only by the tenant in possession. The injury in such cases, is to him, by an invasion of his rights and property, but not to the landlord out of possession, though his title be indisputable.

From the evidence reported, it appears that Ross, at the time when the trespass was committed, was in possession of the premises, as tenant at will of the plaintiff, and not as his servant or agent. Assuming then, that the plaintiff was the owner of the land at the time, he cannot maintain this action for acts of trespass which did not affect the value of his property. The legal remedy is for him only who suffers by the wrong. *Bartlett* v. *Perkins*, 13 Maine, 87; *Davis* v. *Nash*, 32 Maine, 411.

As it has been suggested by the defendant's counsel that the report of facts is incomplete, we do not consider the question of title presented by the defendant's brief statement. *Plaintiff nonsuit.*

SHEPLEY, C. J., and RICE, HATHAWAY and CUTTING, J. J., concurred.